IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:17-cv-22719-UNGARO

TRACY JEAN-BAPTISTE,

on behalf of herself and all others similarly situated,

       Plaintiff,

v.

A.D.M.E. INVESTMENT PARTNERS, LTD.
d/b/a OCEANSIDE EXTENDED CARE CENTER,
A.D.M.E. INVESTMENT CORPORATION,
and A.D.M.E. REAL ESTATE, LLC,

       Defendants.

### ORDER (I) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (II) APPROVING NOTICE TO SETTLEMENT CLASS MEMBERS, (III) SCHEDULING FAIRNESS HEARING, AND (IV) GRANTING RELATED RELIEF

The Court has considered the joint motion of Tracy Jean-Baptiste ("Plaintiff") on her own behalf and as proposed representative of the Settlement Class, as defined below, on the one hand, and A.D.M.E. Investment Partners, Ltd. d/b/a Oceanside Extended Care Center ("A.D.M.E. Partners"), A.D.M.E. Investment Corporation ("Investment Corp."), and A.D.M.E. Real Estate, LLC ("Real Estate, LLC," and collectively with A.D.M.E. Partners and Investment Corp., the "Defendants"), on the other hand (sometimes collectively referred to herein as the "Parties"), for an Order, among other things, (1) granting preliminary approval of the Parties' proposed class action settlement in this case; (2) approving the form and authorizing the mailing of the Parties' proposed Notice to Settlement Class; and (3) scheduling a Fairness Hearing for the final consideration and

1

approval of the Settlement Agreement.

The Court finds that:

A. The Parties' Stipulation of Class Action Settlement and Release filed in this case (the "Agreement") was the result of arms-length negotiations by experienced and informed counsel.

B. The Parties have agreed that a settlement class should be certified, for settlement purposes only, numbering approximately 210 individuals and reflected on the documents bates stamped "ADME 1-7," who were directly employed by A.D.M.E. Partners and who worked at or reported to the Facility and were terminated, without cause on their part, on or about January 12, 2017 or within thirty (30) days before or after that date, as part of, or as the reasonably expected consequence of, the plant closing at the Facility alleged in the Lawsuit (collectively, the "Settlement Class," and individually, "Settlement Class Members").

C. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Agreement is reasonable and cost-effective, and preliminary approval of the Agreement is warranted.

D. Notice should be given to all Settlement Class Members affording them the opportunity to opt out of the Settlement Class or to object to the settlement terms contained in the Agreement. That notice should be provided by first class mail, postage prepaid, to each Settlement Class Member's last known address, per the Agreement, which is the best notice practicable under the circumstances.

E. The proposed Notice to Settlement Class (the "Notice") attached to the Agreement as Exhibit A meets the requirements of Fed. R. Civ. P. 23(c)(2)(B). The

Notice sufficiently describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Notice states that the Agreement, if approved, will be binding on all Settlement Class Members who do not opt out ("Qualified Class Members"). The Notice summarizes the terms of the Agreement, the right of and manner for each Settlement Class Member to opt out or object to the Agreement, the right of each Qualified Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Notice informs Settlement Class Members that the Agreement provides for a release of claims (which is described in detail in the Notice) and the payment of Class Counsel's attorneys' fees and costs. *See* Fed. R. Civ. P. 23(h).

F. A hearing on the final approval of the Agreement (the "Fairness Hearing") should be held on a date that allows Settlement Class Members sufficient time from the mailing of the Notice to secure further information regarding the relief sought by the Joint Motion, to opt out or object to the Agreement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing.

G. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED.

2. The Agreement is hereby preliminarily approved.

3. For settlement purposes only, the litigation may be maintained as a class action on behalf of the Settlement Class, defined above.

4. Plaintiff is appointed as Class Representative for the Settlement Class, and

Plaintiff's Counsel, Lankenau & Miller, LLP, The Gardner Firm, P.C. and Bast Amron, LLP, are appointed as Class Counsel for the Settlement Class.

5. The form of the Notice is approved.

6. Within ten (10) business days following entry of this Order (the "Mailing Date"), Class Counsel shall mail the Notice by first class mail, postage prepaid, to each Settlement Class Member at his or her last known address, per the Agreement.

7. The Court shall conduct a Fairness Hearing on *May 18*, 2018 at *11:00 A*.m. in Courtroom *12-4*. At the Fairness Hearing, the Court will consider any timely objections to the terms of the Agreement and will decide whether to grant final approval of the Agreement.

8. Settlement Class Members may opt out of the Settlement Class, but to do so they must complete and sign an Opt-Out Form and mail it to Class Counsel at the address included in the Notice, and it must be received by Class Counsel within thirty-five (35) days after the Mailing Date. Settlement Class Members who submit timely Opt-Out Forms in accordance with the Notice and this Order shall be excluded from the Settlement Class, shall not be entitled to any compensation or benefits under the Agreement, and shall not be bound by any orders or judgment in this action. Settlement Class Members who do not submit timely Opt-Out Forms in accordance with the Notice and this Order shall be deemed Qualified Class Members.

9. Qualified Class Members may submit objections or other responses to the terms of the Agreement, including but not limited to, the proposed compensation of Class Counsel. To be considered, all such objections and responses must be (a) in writing, (b) signed, (c) filed with the Clerk of the Court and mailed to Class Counsel and counsel

for Defendant at the addresses listed in the Notice, and (d) *received* by the Clerk of Court, Class Counsel, and counsel for Defendant no later than thirty-five (35) days after the Mailing Date. Objections and responses that are submitted in accordance with this Order and the Notice and are not withdrawn before the Fairness Hearing will be considered and, if appropriate, ruled on by the Court at the Fairness Hearing.

10. If the Court grants final approval of the Agreement and the Effective Date, as defined in the Agreement, occurs, then all Qualified Class Members will be bound by the terms of the Agreement.

11. In the event the Effective Date does not occur for any reason whatsoever: (a) the Agreement shall be deemed null and void and shall have no effect whatsoever, and (b) nothing in the Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions, or any document submitted to the Court related to the Agreement, shall have any effect or be admissible in evidence for any purpose in this action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact.

Dated: *Mar. 28, 2018*

*[signature]*
UNITED STATES DISTRICT JUDGE